## CIRCUIT COURT OF BALTIMORE CITY

Filed July 16, 1901.

### HANCE
### VS.
### KIRK.

*Washington Bowie, Jr.,* for exceptants.

*William H. Dawson* for trustee.

RITCHIE, J.—

Under the will of the late Samuel Kirk, certain property was left in trust for the benefit of his son, Charles, and his family during the life of his said son, and after his death then in trust for the children of the said Charles, until the youngest of them should attain the age of twenty-one years, at which time the estate vests in them absolutely, and power was conferred on the trustee in his discretion to sell and invest proceeds. Charles died some years ago, his youngest child has now reached the required age, the trustee is about to turn over the estate, and the auditor has stated Accounts H.

178

No. 1 and H. No. 2 of the corpus and income.

1. The seven children of the said Charles except to Account H. No. 1; because the auditor has not therein charged the trustee with commissions amounting to $727.81, which were allowed him in Accounts E. No. 1, which was finally ratified on April 20th, 1894, and F. No. 1, which was finally ratified on June 4th, 1896. With the exception of a small sale these commissions were allowed on investments made by the trustee at the rate of two and a half per cent., and the exceptants now claim that they were improperly allowed.

Without recognizing their right to attack accounts which have been finally ratified for more than five years in this unusual manner, the said exception is overruled because the trustee was entitled to commissions on original sales and investments.

2. They further except to the allowance in H. No. 1 of commissions of $51 on $600, being the proceeds of the sale of a ground rent on Harford avenue. This ground rent was one of sixteen which were purchased with the proceeds of the sale of city stock, as reported in Account E. No. 1, and the trustee was then allowed commissions on the investments.

When part of the trust estate is sold the trustee, under the long-established practice of this court, is entitled to commissions on the sale and on the investment of the proceeds. See authorities cited in the opinion of this court in Abell vs. Abell, filed July 15th, 1901, THE DAILY RECORD, July 16, 1901. But he is not entitled to commissions on the sale of such investment, or on the re-investment of its proceeds. Jenkins vs. Whyte, 62 Md. 437.

This exception is sustained.

3. The next exception is to the allowance in H. No. 1 of commissions at the rate of 2½ per cent., amounting to $186.02, on the investment of $7,441.

(a) The sum invested included the proceeds of sale of the ground rent just referred to, which was one of the investments mentioned in Account E. No. 1, on which the trustee was then allowed commissions. As already stated, he is not entitled to commissions on the re-investment of the same fund, and the exception to the allowance of commissions on this $600 is sustained.

(b) This invested sum of $7,441 also included $2,500, being the proceeds of the sale of the Clarkson mortgage, which was also one of the investments mentioned in E. No. 1, on which the trustee was then allowed commissions. For the reason stated the exception to the allowance of commissions on the re-investment of this $2,500 is sustained.

(c) The exception to the allowance of commissions on the investment of the balance of this $7,441 is overruled. This was not a re-investment.

4. The fourth exception is to the charge against the income in Account H. No. 2 of $688.38 for income overpaid by the trustee.

This sum includes $316.46 for overpayments made by the former trustee who died in 1891, which have been carried forward from time to time. The present trustee asserts no title in himself to this portion of the overpayments, and no claim is now made on behalf of the former trustee and apparently none ever has been made.

To the extent of this $316.46 the exception is sustained.

The balance remaining of $371.92 has been accumulating through several ratified accounts, and while all of the exceptants but one or two were adults. The chief reason why there is now a charge for overpayment is because the trustee under the stress of a limited income, and through consideration for the beneficiaries, paid the income over to them without fully deducting the commissions to which he was entitled. The exceptants now claim that the trustee made these overpayments at his own risk, and must lose the amount.

It is important to note that these exceptants are not remaindermen, about to receive the estate on the death of a life tenant, and protesting that the corpus shall not be impaired because of overpayments to the life tenant.

The entire estate in this case was left to these exceptants, who are now about to receive it, and they themselves are the persons who have received these overpayments, and received them with every opportunity of knowing, even if there was not actual knowledge, that the income was being overpaid.

It would be most unreasonable in such a case as this to make the trustee pay them the same money twice.

As to this balance of $371.92 the exception is overruled, and if there should be a deficit after applying income received since the filing of this account and still remaining in the hands of the trustee, the auditor will treat the amount of it as an advance made on account of principal and charge it to the corpus.

5. They further except because the trustee has failed to reserve out of the income a sinking fund against the redemption of fourteen ground rents which will be redeemable in 1902.

In 1893 about four-fifths of this estate were invested in Baltimore City three-and-a-half per cent. stock, and because of their limited income and with the view of enlarging it, the present exceptants united in a petition to this court for an order authorizing the trustee to sell this stock and invest the proceeds in ground rents. The order was thus passed, the sale made and these ground rents are among those in which the proceeds were, with the approval of the court, invested.

They will be redeemable in 1902 at a sum $656 less than the amount paid for them, and the exceptants claim that the trustee should have impounded such amount of the income as would equal the diminished premium, so that the capital may not be impaired. They allege that his failure to do this was a failure to properly discharge his duties and because thereof they ask the court to reduce his commissions, and thus practically charge him with the difference.

Several cases have been submitted in which the question presented was discussed, but in none of them was the trustee held in any way responsible for a failure to maintain a sinking fund; and besides, they were all cases in which the impairment of the capital would have been for the benefit of the life tenant at the expense of remaindermen. As already stated the exceptants who now get the corpus are the same persons who have been receiving the income, and if the capital has been impaired by this investment, they have had the benefit of the impairment in the shape of the larger income which they desired.

It is proper to add that while these rents, if redeemed in 1902, will be redeemed at $656 less than they cost, there are other ground rents purchased by the trustee which are now worth at least $2,000 more than he paid for them.

Whatever views may have been expressed elsewhere as to the duty or propriety of maintaining a sinking fund out of the income against the redemption or maturity of investments, the subject needs no further consideration in this case.

This exception is everruled.